CASE 103—ORDINARY—DECEMBER 14, 1882.

# The Commonwealth v. South, &c.

## ON MOTION TO DISMISS APPEAL.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. A party who has obtained his judgment and collected it by the coercive power of the law, cannot be allowed to appeal to this court when he has, by his own act, extinguished the judgment.

2. After payment has been coerced, the judgment is gone. Appellant was not bound to collect it. Having done so, there is no right of appeal to this court.

3. The collection of the judgment is a bar to the appeal, and it is dismissed.

A. J. JAMES, A. DUVALL, WM. LINDSAY, AND D. W. LINDSEY FOR APPELLEES.

A plaintiff in a judgment, who is dissatisfied with the amount of his recovery, cannot use the coercive process of a court of original jurisdiction to compel the defendant to satisfy and extinguish his judgment, and after so procuring it to be extinguished, prosecute an appeal to a court of revisory jurisdiction for the purpose of having his judgment contract annulled, and a new trial awarded to him in the court below. (Civil Code, sec. 758; 9 Ala., 278; 10 Ib., 275; 45 N. Y., 209; 46 Ill., 181; 7 Paige, 206; 18 N. Y., 481; 30 La. Ann., 1236; 54 Ala., 334; 45 Ib., 123; 36 Texas, 119; 11 Ab. P., new series, 97; 2 Ill., 414; 30 Wall., 697; secs. 4 and 5, and amendment, chap. 85, Gen. Stat.; Parsons' Cont., vol. 2, pp. 499, 450; Commonwealth v. Todd, 9 Bush, 711; Escott v. White, 10 Ib., 169.)

The Commonwealth v. South, &c.

THOMAS E. MOSS, LATE ATTORNEY GENERAL, AND P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

The appeal is not from the judgment in favor of the Commonwealth against South, &c., but from the judgment depriving the state of a much larger amount to which she is entitled. Both reason and authority are against the dismissal of the appeal. (Keller v. Williams, 10 Bush, 221; Civil Code, sec. 747.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The identical question raised on this appeal was decided by this court at the present term in the case of Paine v. Woolley and others. It is there settled that a party who obtains the benefit of the judgment in the cause by coercing payment from his debtor, is afterwards precluded from prosecuting an appeal to this court for the purpose of reversing it. In this case the defense, by the appellee, went to the entire action, and a judgment was rendered against the defendant, the present appellee, for eighteen thousand dollars. An execution was placed in the hands of the sheriff, and payment coerced. This was done during the pendency of the appeal. The appellant is now complaining, after satisfying his judgment by the coercive power of the law, that he was entitled to recover a larger sum. He claims the benefit of a judgment that he says is erroneous, and from which he had the right to appeal, and correct the error.

It is inconsistent for him to claim his right to have satisfaction of what has been given him by the court, and then insist that the judgment was wrong, and more so to be allowed to appeal from a judgment that he (the appellant) has by his own act extinguished. After payment had been coerced, the judgment was gone. If by the law he was compelled to coerce satisfaction, the rule would be different; but the party obtaining the judgment may accept or reject

it; that is, if erroneous, he may prosecute his appeal, and have the error corrected. Not so with the defendant in the judgment. He is compelled either to pay the judgment or suffer his property to be levied on, and sold to satisfy it, and the only means of preventing being coerced into payment is to secure the judgment creditor by the execution of a supersedeas bond; but in what condition do we find the judgment debtor if the plaintiff in the judgment is allowed to coerce satisfaction, and at the same time prosecute his appeal? He collects of the defendant in the judgment the eighteen thousand dollars. The defense reaches the entire action. By reason of some erroneous instruction, or some other error committed during the progress of the trial, the judgment is reversed, and a new trial awarded. The case finds its way back to the circuit court, and the jury, on the next hearing, finds a verdict for the defendant. Now the plaintiff is permitted to coerce satisfaction without any security to the debtor; has pocketed the eighteen thousand dollars, and by his own appeal nullifies the judgment in a case where the final result is a verdict for the defendant.

Now it may be said that he can be made to pay the money back; but suppose he is insolvent, what then becomes of the defendant's right to coerce payment? The defendant is in court, and without a remedy, while if he complains of the original judgment, payment can be coerced unless he furnishes the judgment creditor with ample security for the amount of his judgment and damages. Cases might occur where there was no defense interposed, and a judgment rendered for that reason, and when a reversal would not affect the judgment; but in cases where the single issue is debt or no debt, and the reversal nullifies the judgment, and there is necessarily a trial de novo, the rule estab-

lished in Paine v. Wooley, where all the authorities have been carefully considered, must apply; and the appeal is therefore dismissed, the collection of the judgment being a bar to its prosecution.

---

CASE 104—ORDINARY—DECEMBER 16, 1882.

## ON MOTION TO DISMISS APPEAL.

